### THE MAYOR, ALDERMEN, AND COMMONALTY OF THE CITY OF NEW YORK v. WILLIAM RYAN.

The ordinance of the corporation of the city of New York, passed May 8, 1839, confers upon a dockmaster authority to give such order and direction, from time to time, to the owner, master or person having charge of any sloop, boat or other vessel lying at or within any of the public wharves, docks, piers or slips, as he may think just and proper, touching the situation of any vessel, and provides a penalty of $25 for any neglect or refusal to comply with such order.

The right of the corporation of New York to pass ordinances in matters of purely municipal regulation, and to enforce them by penalties, has been recognized by repeated acts of the legislature; and their authority to pass the ordinance of May 8, 1839, entitled "Of vessels, wharves and slips," is expressly granted by § 236 of the general act of 1813, to reduce the laws relating to the city into one act. (2 R. L. 436.)

The delegation, in that act, of power to pass the ordinance in question, is not unconstitutional.

The discretion vested in the dockmaster by the ordinance is complete; and although he may exercise it in an unreasonable and oppressive manner, a court has no power to relieve a party from the penalty incurred by disobeying his direction.

Accordingly, the master of a vessel was held liable for refusing to give place to a brig, as directed by a dockmaster, although the order was given within a few hours after a person, duly authorized to act as dockmaster in his absence, had given the master express permission to use the slip in question.

Where, in an action to recover a penalty, under a corporation ordinance relating to public slips, it appeared, that a particular slip was used successively by numerous transient vessels, and that, on the application of the defendant, a dockmaster had assigned a place therein to a barge; it was *held*, that an objection (taken for the first time on appeal from a judgment) to the sufficiency of the evidence that the slip was a *public* slip, could not be sustained.

The declaration of a witness, in such an action, that he was a dockmaster and gave the order, is *prima facie* evidence of his official authority; and a neglect to cross-examine him on that point is a tacit admission of the truth of his statement.

THIS action was brought by the Mayor, Aldermen, and Commonalty of the city of New York, against a person having charge of the barge "Mitchell," to recover the penalty provided in § 13 of the 2d title of the ordinance entitled, "Vessels, wharves, and slips," passed May 8, 1839.

The 12th section provides, that the mayor, recorder, aldermen, assistant aldermen or dockmasters in the city of New York, may give such order and direction, from time to time, to the owner, master or person having charge of any sloop, boat or other vessel whatever, lying at or within any of the public wharves, docks, piers or slips, or to any person employed on board, as they shall respectively think just and proper, touching the removal, disposition, and berths of any such sloop, boat or other vessel. The 13th section imposes a penalty of $25 for any neglect or refusal to comply with such order.

Under that ordinance, dockmasters were to be appointed by the common council; but by an act of the legislature of 1844, (page 470, § 7,) and an ordinance of the corporation subsequently passed in pursuance thereof, captains of police, "aided and assisted by assistant captains and policemen," were vested with the powers and duties of dockmasters. (See ordinance, passed March, 1851, page 61, § 140.)

The cause was tried by the justice of the Second District Court, before a jury. The plaintiffs called one Moneypenny, who testified that he was a dockmaster of the 5th ward, having jurisdiction of the pier in question; that he directed the defendant to remove his barge from the slip to accommodate a brig; and that the order was disobeyed.

The defendant called one White, who stated that he was a policeman, and was deputed by the captain of police to act as dockmaster at the pier during the temporary absence of Moneypenny, and that, on the same day, a few hours before the latter gave his order to remove the barge, he, White, had given a permit to the defendant to use the slip, who immediately availed himself of the privilege.

The evidence of Moneypenny's authority rested solely upon his own declaration that he was a dockmaster. His general right to act as such was not called in question in the court below, and he was not cross-examined on the origin of his appointment. The case seems to justify the inference that

he was a policeman, detailed to the duty of dockmaster by the captain of police.

The defendant raised, on the appeal, a point, not taken at the trial, to wit, that the proofs did not establish that the slip was a *public* slip. The plaintiffs contended, that the fact was shown sufficiently by its use, within the defendant's observation, by transient vessels, successively, including the defendant's own barge.

The plaintiffs having recovered judgment, the defendant appealed, and contended, among other things, first, that if the law conferred upon the corporation power to pass the ordinance in question, it was, in that respect, unconstitutional ; and secondly, that the permission given by White, while acting as dockmaster, was binding upon Moneypenny, and rendered the order of the latter, under the circumstances, invalid.

*Richard Mott* and *J. E. Cary*, for the appellant.

*John B. Haskins*, for the respondents.

DALY, J.—The use to which the slip was devoted, the request made by the defendant of the temporary dockmaster for a berth for his barge, were circumstances from which the jury would be justified in inferring that it was a public slip. At all events, the defendant should have taken the objection below, that an opportunity might have been afforded to furnish testimony more full and explicit, which doubtless could have been supplied by a further examination of the dockmaster, Moneypenny. The defendant, having neglected to make the objection below, cannot have the benefit of it now upon appeal.

Moneypenny swore that he was the dockmaster of the 5th ward. This was sufficient, *prima facie,* and if the defendant was not satisfied with his declaration of the fact under oath, he should have cross-examined him upon the point. His omitting to do so was a tacit admission of the fact.

The Mayor, &c., of New York v. Ryan.

The 11th, 12th and 13th sections of the 2d title of the ordinance, confers upon the dockmaster the power to give such orders and directions, from time to time, touching the berth of any vessel, as *he shall think just and proper*. The defendant's barge was, therefore, subject at any time to be removed to a different position, if the dockmaster thought it just and proper that it should be removed. If Moneypenny had granted permission to the defendant to occupy, with his barge, the position he did, he had the power to revoke it, and direct him to remove to another part of the slip. The whole matter of the arrangement of the vessels in the slip, the positions they should respectively occupy, or the changes to be made, were altogether in the discretion of the person discharging, for the time being, the duties of dockmaster. The maintenance of a proper regulation requires that some person should be intrusted with a general power of direction, and that power is conferred by the ordinance upon those authorized to act as dockmasters. The defendant was bound to remove when directed to do so. He acquired no right to retain his position, because he had once been placed there, and having refused to comply with the direction given, he incurred the penalty.

The right of the plaintiffs to pass ordinances in matters purely of municipal regulation, and to enforce them by penalties, has been recognized by repeated acts of the legislature. The right to make such by-laws and ordinances, from time to time, as they shall think proper, for regulating the wharves, piers and *slips* of the city, is expressly given by the 236th section of the act to reduce the laws relating to the city into one act; (2 Rev. Laws, 436;) and the point now insisted upon, that the legislature cannot delegate a similar power, that it is contrary to the constitution of the state, &c., was raised and passed upon in *Stokes* v. *The Corporation of New York* (14 Wend. 88).

WOODRUFF, J.—I think the order of the dockmaster was a gross abuse of the discretion vested in him, for which, if there

is no mode of punishing him, it is to be regretted. His conduct in directing the defendant to remove within a few hours after he had been assigned the berth, was oppressive and unreasonable, and such conduct ought to be restrained, and such abuses corrected by the proper authority. But I nevertheless think that he had *authority* to give the direction, and that the defendant was bound by law to obey.

I regret to say the judgment must be affirmed.

INGRAHAM, FIRST J., concurred.

Judgment affirmed.